# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 7, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JONAH OSCAR ELKINS JR.,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0659** (BOR Appeal No. 2047955)
                    (Claim No. 2004002833)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**PARAGON CONSTRUCTION & RECLAMATION CO., INC.,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Jonah Oscar Elkins Jr., by John C. Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Gregory W. Evers, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 28, 2013, in which the Board reversed a November 16, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's June 14, 2011, decision and concluded that Mr. Elkins had met the 50% whole person impairment threshold entitling him to an evaluation for permanent total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Elkins worked as a construction foreman for Paragon Construction & Reclamation Company. Mr. Elkins received various injuries throughout the course of his employment including injuries to his cervical spine, lumbar spine, and right knee. He also developed carpal tunnel syndrome related to his employment. The claims administrator held these claims compensable and granted Mr. Elkins permanent partial disability awards related to each injury. Mr. Elkins was also granted a 15% permanent partial disability award related to occupational pneumoconiosis and a 5% permanent partial disability award related to his psychiatric disability. On December 23, 2008, Mr. Elkins filed an application for permanent total disability benefits based on these injuries. His application was submitted to Ramanathan Padmanaban, M.D., who found that Mr. Elkins did not have 50% whole person impairment. The Permanent Total Disability Review Board then issued a report recommending that Mr. Elkins's application for permanent total disability benefits be denied. The Review Board found that Mr. Elkins had 13% impairment for his cervical spine, 13% impairment for his lumbar spine, 5% impairment for his knee, and 15% impairment for occupational pneumoconiosis. The Review Board determined that these ratings amounted to a 39% whole person impairment rating under the Combined Values Chart of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993). On June 14, 2011, the claims administrator denied Mr. Elkins's application for permanent total disability benefits based on the Review Board's findings. Bruce A. Guberman, M.D., then evaluated Mr. Elkins and found that he had suffered 58% whole person impairment from his occupational injuries. Dr. Guberman calculated Mr. Elkins's impairment under the American Medical Association's *Guides*, but he did not adjust his calculations of Mr. Elkins's lumbar or cervical impairment to fit within West Virginia Code of State Rules §§ 85-20-C and 85-20-E (2006). Prasadarao B. Mukkamala, M.D., then evaluated Mr. Elkins and determined that he had 34% whole person impairment for his orthopedic injuries, his occupational pneumoconiosis, and his psychiatric disability. Dr. Mukkamala based his calculation on the American Medical Association's *Guides* and West Virginia Code of State Rules §§ 85-20-C and 85-20-E. Dr. Padmanaban then evaluated Mr. Elkins a second time and found that he had 44% whole person impairment for his orthopedic injuries and occupational pneumoconiosis. On November 16, 2012, the Office of Judges reversed the claims administrator's decision and found that Mr. Elkins had met the 50% whole person impairment threshold for permanent total disability benefits. The Board of Review reversed the Order of the Office of Judges on May 28, 2013, and reinstated the claims administrator's decision rejecting Mr. Elkins's application for permanent total disability benefits.

The Office of Judges concluded that Mr. Elkins had met the 50% whole person impairment threshold for permanent total disability benefits. The Office of Judges reached this conclusion by combining the orthopedic impairment calculation from Dr. Padmanaban's second evaluation with a 12% impairment rating for carpal tunnel syndrome and a 5% impairment rating for Mr. Elkins's psychiatric disability. The Office of Judges determined under this calculation that Mr. Elkins had 53% whole person impairment. The Office of Judges considered the recommendation of the Permanent Total Disability Review Board and Dr. Mukkamala, but the Office of Judges found that neither recommendation included a calculation of the disability associated with Mr. Elkins's carpal tunnel syndrome.

The Board of Review concluded that the Order of the Office of Judges was affected by an error of law and was clearly wrong based on the evidence in the record. The Board of Review determined that the Permanent Total Disability Review Board was correct in excluding an impairment calculation for Mr. Elkins's carpal tunnel syndrome based on West Virginia Code of State Rules § 23-4-6(n)(4)(A) (2005). The Board of Review found that Mr. Elkins did not meet the 50% whole person impairment threshold based on the Permanent Total Disability Review Board's recommendation.

On appeal, Mr. Elkins argues that the 58% impairment finding of Dr. Guberman shows that he has met the whole person impairment threshold under West Virginia Code § 23-4-6(n)(1) (2005). Mr. Elkins argues that the Board of Review improperly dismissed Dr. Guberman's report and that he is entitled to permanent total disability benefits.

We agree with the conclusions of the Board of Review. The Order of the Office of Judges was not consistent with West Virginia Code § 23-4-6(n)(4)(A) and was properly reversed. Mr. Elkins has not demonstrated that he has suffered from 50% whole person impairment relating to his occupational injuries. The most reliable evidence of Mr. Elkins's impairment is the evaluation of Dr. Mukkamala, and he found that Mr. Elkins had only suffered 34% whole person impairment related to his occupational injuries. Dr. Mukkamala considered all Mr. Elkins's occupational injuries. He properly evaluated Mr. Elkins's various injuries under the American Medical Associations' *Guides* and the West Virginia Code of State Rules. He also properly combined the impairment ratings from Mr. Elkins's injuries under the American Medical Association's *Guides*. Dr. Guberman did not provide a reliable assessment of Mr. Elkins's whole person impairment, and his evaluation cannot be used to support a finding that Mr. Elkins has met the 50% whole person impairment threshold. Dr. Guberman calculated Mr. Elkins's lumbar and cervical impairment without adjusting his findings to fit within West Virginia Code of State Rules §§ 85-20-C and 85-20-E. Dr. Guberman's improper calculation of Mr. Elkins's cervical and lumbar impairment significantly undermines the value of his findings.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   October 7, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman
Justice Menis E. Ketchum

3